IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| RICKY MORRISON,<br>TDCJ-CID No. 01464378,<br><br>Plaintiff,<br><br>v.<br><br>NFN GLENN, and NFN MCBROOM,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:17-CV-078-Z |

## MEMORANDUM OPINION DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff Ricky Morrison, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, Section 1983. Plaintiff's was granted permission to proceed *in forma pauperis* against the above-referenced Defendants. For the following reasons, Plaintiff's Civil Rights Complaint (ECF No. 3) is DISMISSED.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see *Denton v. Hernandez*, 504 U.S. 25 (1992).

conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

By his Complaint, Plaintiff argues that he is constructively denied access to the law library at his unit through the enforcement of their bathroom policies. Plaintiff argues that Defendants Glenn and McBroom, law library officers, do not permit inmates to use the restrooms for two-hour periods when using the law library. Plaintiff states that on more than one occasion, he has been denied permission to use the restroom during a law library session. Plaintiff states that he has hypertension and diabetes and the denial of restroom access causes health concerns and consequences. Plaintiff claims he must choose between using the restroom and using the law library. Thus, Plaintiff claims that Defendants' actions in setting bathroom breaks two hours apart prevent him from using the restroom, violating Plaintiff's rights.

## ANALYSIS

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *See also Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

An inmate's right of access to court is not absolute. The Supreme Court recently noted some of the limits on the right of access to court:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996). Prison officials may place reasonable limits on the right. *See Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989). Restrictions may be imposed for security reasons. *See Procunier v. Martinez*, 416 U.S. 396, 412 (1974), overruled on other grounds by, *Thornburg v. Abbott*, 490 U.S. 401 (1989).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.* There is no constitutional violation when a prisoner has time to submit legal documents in a court despite impediments caused by officials. *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991).

Here, Plaintiff has failed to articulate a specific claim where denial of access to the law library has hindered his attempts to challenge his conviction. Further, Plaintiff has used the law library in the past and continues to be granted access. The nature of Plaintiff's claim challenges

the *security rule* of refusing to allow unscheduled restroom breaks for during the two hours periods that the library is available for the inmates. This rule is a security restriction the unit has placed on access to the library, which is permissible under Constitutional standards. Plaintiff has neither alleged that he has requested special accommodations for library access as a result of a medical disability nor that he has placed the unit on notice of these special requests and been denied accommodations—like access to library materials in his cell or shorter law library visits. Further, the enforcement of security rules by Defendants Glenn and McBroom have not resulted in denial of access to the courts; thus, Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, and pursuant to 28 U.S.C. §§1915A and 1915(e)(2), as well as 42 U.S.C. §1997e(a), it is ORDERED that Plaintiff's Civil Rights Complaint (ECF No. 3) pursuant to 42 U.S.C. §1983 be DISMISSED without prejudice for failure to state a claim.

**SO ORDERED.**

July 23, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE